UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 1:14-cv-24840-KAM
CASE NO. 1:15-cv-21035-KAM
CASE NO. 1:15-cv-21034-KAM
CASE NO. 1:15-cv-21036-KAM

FABRIZIO DULCETTI NEVES,

    Appellant/Appellee/Defendant,

v.

MARKWOOD INVESTMENT LTD and
GOLDEN DAWN CORPORATION,

    Appellees/Appellants/Plaintiffs.

_____/

**APPELLANT/APPELLEE'S
REQUEST FOR STATUS CONFERENCE AND STATUS REPORT**

Appellant/Appellee, Fabrizio Dulcetti Neves ("Mr. Neves" or "Appellant"), by and through undersigned counsel and pursuant to this Court's Order dated March 7, 2016 (Case No. 1:14-cv-24840-KAM, ECF No. 65) directing him to file status reports every sixty days as to these related appeals, the proceedings below and the Italian legal proceedings, respectfully files this Status Report and states as follows:

**The Related Appeals**

1. This Court's Order to Show Cause (the "OSC") (Case No. 1:14-cv-24840-KAM, ECF No. 39) should be granted and the related appeals should be dismissed as moot. The Court was awaiting the Italian Court's confirmation that the "Reclamo" filed by Arturo Frieri purporting to challenge the administrator's authority to enter into the settlement of claims owned by Plaintiffs Markwood Investments Ltd. ("Markwood") and Golden Dawn Corporation

{39345454;1}

("Golden Dawn") (collectively, "Plaintiffs") was without merit and such decision was rendered by the Italian Court on March 16, 2016. In that decision, the Italian Court confirmed that the Settlement and the Release and Satisfaction were "duly authorized," were "absolutely legitimate" and continue to be valid. *See e.g*, (Adversary Proceeding Case No. 10-02122-ECF No. 1425).

2. On July 26, 2016, Mr. Neves filed his Motion For Sanctions Under 28 U.S.C. § 1927 And Inherent Powers of the Court with Incorporated Memorandum of Law (Case No. 1:14-cv-24840-KAM, ECF No. 75) which motion is fully briefed and ripe for decision. Only Raul Espinoza, Esq. and Raul Espinoza, P.L. responded to the motion for sanctions. (Case No. 1:14-cv-24840-KAM, ECF No. 78).

3. On August 10, 2016, the Plaintiffs, through putative counsel, filed a motion to compel the production of documents in only Case No. 14-24840 (Case No. 1:14-cv-24840-KAM, ECF No. 76), which motion is fully briefed and ripe for decision. The motion to compel will be moot if the related appeals are dismissed.[1]

4. On September 2, 2016, after failing to timely respond to the motion for sanctions (Case No. 1:14-cv-24840-KAM, ECF No. 75), Berrio & Berrio, P.A. and Giorgio L. Ramirez, P.L. without leave of court filed a "Notice Of Objection To Plaintiff's (sic) Request For Sanctions." (Case No. 1:14-cv-24840-KAM, ECF No. 88). The improper Notice was filed weeks after the response deadline and the reply filed by Mr. Neves. There is no procedural basis

---

[1] The Plaintiffs, through putative counsel, filed a motion for permission to file a sur-reply (Case No. 1:14-cv-24840-KAM, ECF No. 84). *See infra* at para. 5. The motions were filed without first meeting and conferring with Mr. Neves' counsel and without the Rule 7.1 Certification, and thereby violated Local Rule 7.1(a)(3). The Court previously "cautioned that future motions that fail to comply with Local Rule 7.1(a)(3) will be summarily denied." Order docketed January 28, 2016 at n.1 (Case No. 1:14-cv-24840-KAM, ECF No. 61).

in the federal or local rules for filing the tardy notice.  The Notice is groundless on its face going so far as to claim that it should have been "implicit" to the Court and Mr. Neves that the two lawyers had withdrawn because their co-counsel filed a notice of change of address indicating he remains lead counsel.  *Id.*  The Notice should be stricken by the Court *sua sponte.*

5.	On September 2, 2016, Berrio & Berrio, P.A. and Giorgio L. Ramirez, P.A., filed their motion to withdraw as counsel.  The filing of the motion in and of itself demonstrates that neither Berrio & Berrio, P.A. nor Giorgio L. Ramirez, P.A. had previously withdrawn from the cases.  The response deadline is September 19, 2016.  Again, putative counsel failed to meet and confer with Mr. Neves' counsel in violation of L.R. 7.1.  The motion to withdraw also fails to include the requisite Rule 7.1 certification.  *See supra* at n. 1.  Based on this Court's January 28, 2016 Order, the motion therefore should be "summarily denied."

**Bankruptcy Proceedings**

6.	There has been no activity in the bankruptcy proceedings since Mr. Neves' last status report (Case No. 1:14-cv-24840-KAM, ECF No. 68).

**Italian Court Proceedings**

7.	It has been almost six months since the Italian Court steadfastly rejected the "Reclamo" and reaffirmed the settlement and the Italian Administrator's power and authority to enter into the settlement and execute and deliver the Satisfaction of Judgment and General Release concluding the litigation and mooting these related appeals.  However, these appeals continue to linger as putative counsel desperately and without authority continues to try to keep these matters alive by extending and protracting the litigation in all aspects.

**Request for Status Conference**

8.	Unless this Court dismisses the appeals as moot, Mr. Neves respectfully requests that this Court convene a status conference to address the proceeding.

{39345454;1}

Dated: September 6, 2016

Respectfully submitted,

**AKERMAN LLP**
Brickell City Centre
98 Southeast Seventh Street
Suite 1100
Miami, Florida 33131
Phone: (305) 374-5600
Fax: (305) 374-5095

By: */s/  Joanne Gelfand*
　　Joanne Gelfand, Florida Bar No. 515965
　　Email: joanne.gelfand@akerman.com
　　Brian P. Miller, Florida Bar No. 980633
　　Email: brian.miller@akerman.com
　　Ilana Tabacinic, Florida Bar No: 57597
　　Email:  ilana.tabacinic@akerman.com

*Attorneys for Fabrizio Dulcetti Neves*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on September 6, 2016, I electronically filed the foregoing document with the Clerk of Court using CM/ECF. I also certify that the foregoing document is being served this day by transmission of Notices of Electronic Filing generated by CM/ECF to those parties registered to receive electronic filing notices in this case.

By: */s/ Joanne Gelfand*_____
　　Joanne Gelfand